UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN STEWART,
  Plaintiff,

vs.   No. 05-1210

ROGER WALKER, et.al.,
  Defendants,

## CASE MANAGEMENT ORDER

The plaintiff, Brian Stewart, originally submitted his complaint pursuant to 42 U.S.C. §1983 naming twenty-two defendants from four different correctional facilities. The thirty-five page handwritten complaint did not clearly delineate specific claims against any of the named defendants. In addition, the plaintiff had attached hundreds of pages of documents to his complaint.

On October 19, 2005, the court conducted a merit review of the plaintiff's complaint. The plaintiff participated in the hearing by video conferencing. The court found that the complaint and attached documents were a violation of Rule 8 of the Federal Rules of Civil Procedure. The court then attempted to identify the plaintiff's intended claims. Although the plaintiff was well-spoken, he clearly needed additional time to more specifically state his claims.

The plaintiff's main contention was that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs. The plaintiff stated that he was seen by a psychiatrist who said the plaintiff should be in a mental health facility and should receive mental health treatment. The plaintiff says he was repeatedly transferred from one correctional facility to the next, placed in the general population and did not receive the prescribed treatment. As a result, the plaintiff states he attempted to hang himself and injured himself. However, the plaintiff's complaint did not state how each defendant was involved, the time frame involved nor where he was housed at the time of the events. The defendants would not have been able to provide a response to the complaint.

In an effort to help the plaintiff more specifically state his claims, the court provided the plaintiff with questions about his allegations and instructed the plaintiff to answer the questions. The plaintiff was admonished that he must provide his responses to the specific questions on or before November 7, 2005 and no continuances would be granted. *See* October 19, 2005 Court Order.

The plaintiff has ignored the court's instructions and instead filed numerous motions with the court after the specified deadline.

1

I. PLAINTIFF'S MOTIONS

The plaintiff filed a motion asking for the court to make a correction in the docket. The plaintiff says the docket refers to him as Brian Duane Stewart. The plaintiff says "Duane" is not his middle name and should be stricken. [d/e 9] The motion is granted. The clerk of the court is directed to remove any reference to a middle name for this plaintiff, and instead refer to him as Brian Stewart.

The plaintiff filed several motions for a temporary restraining order and asking for expedited relief for his claims. [d/e 11, 16, 20, 25, 28] The plaintiff is asking for mental health treatment and care. The motions are denied. The plaintiff has failed to follow the specific court order asking him to clearly identify his claims. The plaintiff must follow specific orders of this court if he wishes to pursue this litigation. In addition, the plaintiff has attached documentation to each of his motions demonstrating that he is receiving mental health care and treatment.

The plaintiff has also filed an improper "motion in limine." [d/e 26]. The plaintiff states the Illinois Department of Corrections (Herein I.D.O.C) is refusing to provide the first name of a defendant or current addresses. First, the plaintiff may not proceed with this litigation until his claims are clearly identified. Again, the plaintiff cannot ignore the specific orders of this court. Second, if the plaintiff does successfully identify his claims, this information will be provided to the court for service of process upon the defendants. The motion is denied.

The plaintiff has also filed several additional motions for appointment of counsel. [d/e 14, 19, 27]. The plaintiff says he cannot adequately represent himself and has "mental health issues." (Plain. Motions) The plaintiff also says he is being denied mental health treatment and medication. The plaintiff has provided hundreds of pages of documents to the court with each of his filings. All show that he is repeatedly seen in the Health Care Unit and has been seen by psychiatrists. The plaintiff does not state what specific "mental health issues" he suffers from, but it is clear that he is at times suicidal and has inflicted injury upon himself. The only diagnosis in the documents submitted by the plaintiff state that he has a history of alcohol and drug abuse, and has a borderline personality disorder. There are also notations that the plaintiff suffers from no major on going psychiatric symptoms.

The plaintiff has no constitutional or statutory right to be represented by an attorney. In deciding whether to appoint counsel in a particular case, the court must determine whether the plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of the lawsuit. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). In addition, the court is reluctant to appoint counsel in the beginning stages of a lawsuit until it is determined that the plaintiff has a meritorious claim.

Lawyers who accept appointments to represent pro se plaintiffs in civil cases

are not guaranteed any compensation. Thus, before this court takes the significant step of seeking out a lawyer willing to take the case, the court has an obligation to insure that the issues raised in a particular case are both substantial and meritorious. Further, the number of lawyers able to take court appointments is very limited. Thus, it is simply impossible to accommodate all of the requests of pro se plaintiffs, mostly prisoners, who request a lawyer. *King v. Frank,* 328 F. Supp.2d  940,     951 (W.D.Wis   July 27, 2004).

It is still not clear whether the plaintiff has meritorious claims.  The court has given the plaintiff specific questions to answer which he refused to do.  The court has no reason to believe that the plaintiff is unable to provide specific responses. Therefore, at this point in the litigation, the court will deny the plaintiff's motions for appointment of counsel.

### III.  AMENDED COMPLAINT

The plaintiff has now filed an Amended Complaint.  He again makes no reference to the court's specific order that he respond to the questions presented by the court.  The proposed amended complaint was submitted five months after the court's deadline for clarifying the plaintiff's claims.  The 31 page handwritten complaint names 15 defendants and 15 separate counts.  The identified defendants include  Illinois Department of Corrections Director Roger Walker; Superintendent Mary Henry; Ty Wallace; Nancy Knope; Doctors Siddiqui, Wong, Edward Smith, and Christine Fletcher; Lieutenant  Farrell; Andrew Kowalkoski; Alton Angus; Warden Michael Melvin; Tim Montgomery; Charles Johnson and John Garlick.  The plaintiff also names "all unknown defendants."  The plaintiff is suing the defendants in their official and individual capacities.

The plaintiff has again failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  While the first count of the plaintiff's complaint claims that a defendant violated his rights pursuant to the Eighth Amendment, he again does not clearly state in many of his claims where the events took place.  For instance, many of his claims appear to involve his stay at Pinckneyville Correctional Center, which is in Southern Illinois and does not involved events or defendants in the Central District of Illinois.

It is also unclear based on the hundreds of documents provided by the plaintiff whether he was denied medical care, or whether he believes the care he was provided was inadequate.

The court will give the plaintiff one last opportunity to respond to the court's October 19, 2005 Court Order and provide specific answers to the court's specific questions.  The questions are designed to assist the plaintiff in clearly identifying his claims so this litigation can move forward. The plaintiff must provide the answers to the court on or before Wednesday, May 24, 2006.  No continuances will be granted.  If the plaintiff fails to follow the courts directions within the specified time frame, this case will be dismissed.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to remove the middle name "Duane" from the docket is granted. [d/e 9]. The clerk should correct the docket to refer to the plaintiff by "Brian Stewart."**

**2) The plaintiff's motions for a temporary restraining order or expedited relief are denied. [d/e 11, 16, 20, 25, 28]**

**3) The plaintiff's motion in limine is denied. [d/e 26]**

**4) The plaintiff's renewed motions for appointment of counsel are denied. [d/e 14, 19, 27]**

**5) The clerk of the court is directed to strike the plaintiff's amended complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to follow the court's October 19, 2005 Court Order.**

**6) The clerk of the court is directed to provide the plaintiff with another copy of the October 19, 2005 Court Order. The plaintiff is to follow the specific directions in this order and provide direct, brief answers to the questions asked by the court. The responses must be provided to the court on or before Wednesday, May 24, 2006. No continuances will be granted. If the court fails to follow the court's order by the deadline, his case will be dismissed.**

Entered this _____ day of May, 2006.

                                      s\Harold A. Baker

                                _____
                                  HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE