UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN STEWART,
   Plaintiff,

vs.                                      No. 05-1210

ROGER WALKER, et.al.,
   Defendants

CASE MANAGEMENT ORDER

     This cause is before the court for case management and consideration of various pending motions including: 1) the plaintiff's second motion to amend his complaint [d/e 65]; 2) defendants' motions to quash service of process [d/e 98, 101]; 3) plaintiff's renewed motions for appointment of counsel [d/e 100, 115] 4) Dr. Choudri's motion to dismiss [d/e 112]; 5) defendants' motion for clarification [d/e 116]; 6) plaintiff's motion to strike his second motion to amend his complaint [d/e 126] and 7) plaintiff's third motion to amend his complaint. [d/e 127]

I.  BACKGROUND

     The plaintiff, a state prisoner, first submitted his case on July 25, 2005, pursuant to 42 U.S.C.§1982 against twenty-two defendants from four correctional facilities. The court dismissed the complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. The thirty-five page, handwritten complaint did not clearly delineate specific claims against any of the named defendants. *See* October 11, 2005 Text Order; October 19, 2005 Court Order.

     During the merit review hearing, it was clear the plaintiff needed time to focus on his specific claims. In an effort to assist the plaintiff, the court provided the plaintiff with specific questions about his allegations and instructed the plaintiff to provide specific answers. *See* October 19, 2005 Court Order.

     The plaintiff instead ignored the court order and filed numerous motions with the court after the specified deadline including a motion to amend his complaint. The proposed amended complaint was also a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* May 2, 2006 Court Order. The plaintiff claimed he never received the court's order. The court gave the plaintiff one last brief extension to comply with the court's order. *See* May 2, 2006 Court Order; June 21, 2006 Court Order.

     The plaintiff did file a response and the court conducted a merit review of the plaintiff's claims. *See* August 14, 2006 Court Order. The plaintiff's response was the first time the plaintiff had clearly articulated what actions happened at which facility, which defendants were involved and what time frame. The court found that the plaintiff had adequately alleged that:

1) Defendants Psychiatrist Dr. Andrew Kowalkowski; Pontiac Correctional Center Warden Stephen Mote, Acting Warden Michael Melvin, Psychologist John Garlick, Medical Director Dennis Larson, Psychologist Alton Angus, Psychologist Edward Smith, Illinois Department of Corrections Director Roger Walker and Deputy Director Rick Orr violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs and when they failed to protect the plaintiff from a known danger. This claim is against the defendants in their official and individual capacities.

2) Defendant Officer Richard Montgomery violated the plaintiff's rights when he was deliberately indifferent to the plaintiff's serious medical condition. This claim is against Montgomery in his individual capacity only.

3) Defendant Officer Richard Montgomery violated the plaintiff's Eighth Amendment rights by repeatedly throwing feces on the plaintiff. The claim is against the defendant in his individual capacity.

All other claims and defendants were dismissed. *See* August 14, 2006 Court Order.

## II. DEFENDANTS

When the court conducted merit review of the plaintiff's claims, it identified the surviving defendants including Defendants Kowalkowski, Mote, Melvin, Garlick, Larson, Angus, Smith, Walker, Orr and Montgomery. The court also stated that "all other defendants" were dismissed. August 14, 2006 Court Order, p. 4. Unfortunately, it does not appear that these defendants were dismissed from the docket, and notice of the lawsuit along with waivers of service of process were sent to the dismissed defendants. The clerk will again be instructed to dismiss the appropriate defendants.

Consequently, Defendant Choudry's motion to dismiss is denied as moot. [d/e 112] Defendant Larson's motion for an order of clarification is also denied as moot. [d/e 116] The Defendants Henry, Farrell, Eubanks, Lawrence and Weiner's motion to quash service of process is granted. Defendant Montgomery's motion is denied. [d/e 98, 101] Defendant Larson's motion for an order of clarification is also denied as moot. [d/e 116]

The court also notes that the plaintiff has named two Defendant Montgomerys in this lawsuit. For clarification of the case, the court notes that the plaintiff alleges that Defendant Jesse Montgomery and Defendant Richard Montgomery were deliberately indifferent to his serious medical condition. He alleges that Defendant Richard Montgomery threw feces on him.

## III. MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff's motions for appointment of counsel are denied. [d/e 100, 115] Civil litigants have no federal right to appointed counsel. The district court may request appointment of

counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell*, 129 F.3d at 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes*, 64 F.3d at 288. "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. Though the case involves the plaintiff's medical treatment, at this point it does not appear so complex that the plaintiff is not competent to proceed pro se. The difficulties faced by the plaintiff are the same faced by all pro se prisoners. Perhaps more importantly, the plaintiff has not shown enough factual merit to his claim of deliberate indifference to warrant an inference that counsel would make a difference in the outcome.

IV. MOTIONS TO AMEND THE COMPLAINT

The plaintiff has filed a motion to strike his second motion to amend his complaint.[d/e 126] The motion is allowed and the court will strike the second motion to amend the complaint. [d/e 65] Instead, the plaintiff is asking the court to consider his third motion to amend his complaint. [d/e 127]. The plaintiff has attached a proposed amended complaint to his motion with approximately 70 documents attached to the complaint. The defendants have filed a response to the original complaint, but have not responded to the plaintiff's third motion to amend his complaint.

The plaintiff says he needs to amend his complaint again for two main reasons. First, the plaintiff says he failed to attach copies of several grievances and other documents containing specific times and dates to his complaint. The court has already admonished the plaintiff that his complaint should simply be a clear, concise statement of his intended allegations. "The complaint is meant to give the court and the named defendants notice of the intended claims. The complaint is not the time to present evidence in support of those claims." October 11, 2005 Text Order. There is no need for additional documentation for the complaint.

Second, the plaintiff says he has exhausted his administrative remedies for additional claims and wishes to add those claims and four additional defendants. The new defendants include Correctional Officer Dennis Young, Nurse Karen Zehar, Crisis Team Member Jeremia Selvidge and Psychiatrist Christine Fletcher. Specifically, the plaintiff alleges that each of the defendants also violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs and when they failed to protect the plaintiff from a known danger. The plaintiff also mentions that some of the defendants "conspired" against him...but fails to state who any defendant conspired with.

The court does grant pro se plaintiffs a degree of latitude. "A district court should freely grant a plaintiff leave to amend but may deny leave for a number of reasons, including that the amendment was unduly delayed, made in bad faith, or would cause undue prejudice to a defendant." *Cannon v Washington,* 418 F.3d 714, 720 (7th Cir. 2005). The court will add these

defendants to the plaintiff's first claim.  However, the court will not file the plaintiff's third amended complaint with attached documentation to avoid any further confusion in this case.  This order will serve as notice of the plaintiff's claims and the new defendants shall file an answer to this order.  The plaintiff is warned that this case is now nearly two years old and is ready to proceed.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to strike his second motion to amend his complaint is granted. [d/e 126].   The clerk of the court is directed to strike plaintiff's motion. [d/e 65]**

**2) The clerk of the court is directed to abide by the court's August 14, 2006 Court Order and dismiss defendants: Baig, Choudry, Larson, Farrell, Henry, Eubanks, Weiner, Finn, Siddiqui, Wallace, Wong and Knope.  *See* August 14, 2006 Court Order, p.4, para. 2.**

**3) The plaintiff's motions for appointment of counsel are denied. [d/e 100, 115]**

**3) Defendant Choudry's motion to dismiss is denied as moot. [d/e 112] Defendant Larson's motion for an order of clarification is denied as moot. [d/e 116] Defendant Henry's motion to quash service of process is granted. [d/e 98].  Defendants Farrell, Eubanks, Lawrense, Weiner and Montgomery's motion to quash service of process is denied in part and granted in part. [d/e 101]  The motion is granted as to all defendants except Defendant Montgomery.  Defendant Richard Montgomery is still a defendant in this case.**

**4) The plaintiff's motion for leave to file a Third Amended Complaint is granted in part. [d/e 127].  The court will allow the plaintiff to add four new defendants and claims against these defendants.   The court will not file the plaintiff's Third Amended Complaint and various attached documentation in order to avoid further confusion to the record.   This order will serve as notice of the plaintiff's intended claims.**

**5) The clerk of the court is directed to add Defendants Correctional Officer Dennis Young, Nurse Karen Zehar, Crisis Team Member Jeremia Selvidge and Psychiatrist Christine Fletcher to this lawsuit.  The clerk of the court is to send notice of lawsuit and waiver of service forms to these new defendants.**

**6) Pursuant to its merit review of the plaintiff's Third Amended Complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims against the 15 surviving defendants:**

**a) Defendants Kowalowski, Mote, Melvin, Garlick, Larson, Angus, Smith, Walker, Orr, Young, Zehar, Selvidge , Fletcher and Jesse Montgomery violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition and when they failed to protect the plaintiff from a known danger. The claim is against the defendants in their official and individual capacities.**

**b) Defendant Richard Montgomery violated the plaintiff's Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical condition. The claim is against the defendant in his individual capacity.**

**c) Defendant Richard Montgomery violated the plaintiff's Eighth Amendment rights when he used cruel and unusual punishment against the plaintiff by repeatedly throwing feces on the plaintiff. The claim is against the defendant in his individual capacity.**

**7) All other claims based on federal law, other than those set forth in paragraph (6) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**8) This case shall proceed solely on those federal claims identified in paragraph six above. Any claims not set forth in paragraph six above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**9) A copy of this Case Management Order shall be served on the four new defendants.**

**10) The four new defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Enter this 20th day of June, 2007

                                    s\Harold A. Baker
_____
                                    HAROLD BAKER
                             UNITED STATES DISTRICT JUDGE