UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN STEWART,
   Plaintiff,

vs.                                                                                     No. 05-1210

ROGER WALKER, et.al.,
   Defendants

CASE MANAGEMENT ORDER #6

This cause is before the court for consideration of various discovery motions including: 1) the defendants' motion for a protective order [d/e 97];  2) motions for extensions of time to complete discovery [d/e 117, 120];  3) motions to compel [d/e 121, 124] and 4) the plaintiff's motion to expedite.

## I. BACKGROUND

The plaintiff, a state prisoner, first submitted his case on July 25, 2005, pursuant to 42 U.S.C.§1982 against twenty-two defendants from four correctional facilities.  The court dismissed the complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure.  The thirty-five page, handwritten complaint did not clearly delineate specific claims against any of the named defendants. *See* October 11, 2005 Text Order; October 19, 2005 Court Order.

After giving the plaintiff repeated chances to clarify his claims, the court finally conducted a merit review of the plaintiff's allegations on August 14, 2006.  A second merit review was conducted after the plaintiff filed motions to amend his complaint.  The court found that the plaintiff stated the following federal claims against 15 surviving defendants[1]:

   a) Defendants Kowalowski, Mote, Melvin, Garlick, Larson, Angus, Smith, Walker, Orr, Young, Zehar, Selvidge , Fletcher and Jesse Montgomery violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition and when they failed to protect the plaintiff from a known danger.  The claim is against the defendants in their official and individual capacities.

   b) Defendant Richard Montgomery violated the plaintiff's Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical condition.  The claim is against the defendant in his individual capacity.

   c) Defendant Richard Montgomery violated the plaintiff's Eighth Amendment rights when he used cruel and unusual punishment against the plaintiff by repeatedly throwing feces on

---

[1] Four of the defendants, Dennis Young, Karen Zehar, Jermia Selvidge and Christine Fletcher were added to the lawsuit on June 20, 2007. *See* Juen 20, 2007 Court Order.

the plaintiff. The claim is against the defendant in his individual capacity.

The plaintiff's main contention is that he was denied needed mental health treatment in a mental health facility. The plaintiff says he was placed in the general population and did not receive prescribed treatment while the named defendants ignored his medical needs. As a result, the plaintiff states he attempted to hang himself and he repeatedly injured himself. The plaintiff says he first entered Pontiac Correctional Center on April 24, 2004 and has remained at the institution.

## II.  MOTION FOR A PROTECTIVE ORDER

Defendant Larson has filed a motion asking for an order pursuant to the Health Insurance Portability and Accountability Act (HIPAA) allowing the release of medical records for the purpose of this litigation only. The plaintiff has stated a violation of his Eighth Amendment rights based on deliberate indifference to a serious medical need. Therefore, the motion is granted. [d/e 97].

## III. DISCOVERY MOTIONS

The defendants motions for additional time to respond to the plaintiff's discovery requests are granted. [d/e 117, 120]. The defendants have now provided responses.

The plaintiff has filed two motions to compel and various supplements to his motions. [d/e 121, 124] Neither motion is an appropriate motion to compel. The plaintiff must make some attempt to obtain discovery on his own. If he is unsuccessful, then he must provide the court with his specific requests and the responses he received and tell the court why the response is not appropriate. Instead, the plaintiff's motions simply ask the court to order the defendants to provide documents to the plaintiff. The plaintiff does not provide any information about the responses he has received. In addition, he does not clearly state why he needs certain information beyond stating that it is important to his case. Lastly, the plaintiff's "supplemental" filings appear to address discovery requests that were not a part of his initial motions to compel.

The first motion to compel is denied since the court does not have the necessary information to rule on the motion. [d/e 121]. The defendants have provided some of this information in response to the plaintiff's second motion to compel. Since the plaintiff is proceeding pro se, the court will review these requests and responses.

A.  DISCOVERY REQUESTS TO DEFENDANT DR. LARSON

The plaintiff has submitted a request for production of documents to Dr. Larson asking him to provide numerous documents that the doctor does not have in his possession. Dr. Larson no longer works at Pontiac Correctional Center and does not keep a copy of the plaintiff's prison records, mental health records, medical records, grievances, etc. The plaintiff is appropriately advised that he should obtain these documents from the Illinois Department of Corrections at Pontiac Correctional Center. The plaintiff also asks for documentation such as his "complete

prison record" and all medical files from the time of his incarceration to the present. These requests are over broad and unduly burdensome. The plaintiff should limit his requests to the relevant time periods of his complaint.

B.  DISCOVERY REQUESTS TO DEFENDANTS ANGUS, GARLICK, MELVIN, MONTGOMERY, MOTE, ORR, SMITH AND WALKER.

The plaintiff has first asked for the "door sign out sheet for south cell house on 7 am to 3 pm shirt for the months of June and July of 2004." (Def. Resp, Ex. A). The defendants object that the request is irrelevant to the plaintiff's case, and the plaintiff has not demonstrated how this request is pertinent to his claims. Nonetheless, the defendants state they do not have any responsive documents at this time, but will continue to search records at the Pontiac Correctional Center.

The plaintiff next asks for internal affairs investigation reports. The defendants apparently inadvertently provided one of these reports to the plaintiff, but state they object to providing any further reports because they claim the release of the records would jeopardize prison security. It is not clear to the court how these documents are relevant to the plaintiff's claims.

The plaintiff next asks for copies of affidavits he submitted with a grievance. The defendants state they do not have these documents.

The second motion to compel is also denied. [d/e 124]. However, the court will set this case for hearing on the issue of discovery to determine what documentation has been provided to the plaintiff. The plaintiff should be prepared to state clearly and concisely what documentation he still believes he needs to prove his case.

IV.  MOTION TO EXPEDITE.

The plaintiff has filed a motion asking for the court to expedite his case since he alleges he still faces life threatening conditions at Pontiac Correctional Center. [d/e 132]   The defendants state that they have provided all appropriately requested discovery.   The plaintiff's motion is denied.

**IT IS THEREFORE ORDERED that:**

**1) The defendant's motion for an order pursuant to 45 CFR 164.512 of the Health Insurance Portability and Accountability Act  (HIPAA) for the release of medical records is granted. [d/e 97]**

**2) The plaintiff's medical records shall be released to the attorneys of record in this**

**litigation upon request of said attorney(s) to any covered entity, as defined by 45 C.F.R. 160.103. Those attorneys are Gregory Henry, David Walter, Theresa Powell and Michael Lanzdorf. This order applies to all of the plaintiff's protected health information produced by a covered entity as defined under the Health Insurance Portability and Accountability Act and attendant federal regulations. The parties and their attorneys shall not use or disclose the protected health information for any purpose other than the litigation in this case. Upon the termination of this litigation, the parties and their attorneys shall either return said protected health information to the covered entity or destroy the protected health information.**

**3) The defendants motions for additional time to respond to the plaintiff's discovery requests are granted. [d/e 117, 120].**

**4) The plaintiff's motions to compel are denied. [d/e 121, 124] This case is set for status hearing on the issue of discovery on July 11, 2007 at 9:30 a.m. by telephone conference call. The clerk is to issue a writ for the parties participation in the conference call.**

**5) The plaintiff's motion to expedite is denied. [d/e 132]**

Entered this  21st   Day of June, 2007.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE