UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN STEWART,
   Plaintiff,

vs.                                                                                             No. 05-1210

ROGER WALKER, et.al.,
   Defendants,

## CASE MANAGEMENT ORDER

     This cause is before the court for case management and consideration of various motion including: 1) the plaintiff's motion to allow him conduct depositions, [d/e 150]; 2) the plaintiff's motion to amend his deposition questions, [d/e 174]; 3) the plaintiff's motions for a court order allowing him a transcript for his interlocutory appeal, [d/e 153, 154]; 4) the plaintiff's motion for appointment of an outside psychiatrist to examine him, [d/e 169] and 5) the parties' motions for an extension of time for defendants to respond to discovery and for filing of dispositive motions. [d/e 175, 177, 181, 186]

### BACKGROUND

     The plaintiff, a state prisoner, first submitted his case more than two years ago pursuant to 42 U.S.C. §1983 against twenty-two defendants from four different correctional facilities. The lengthy handwritten complaint with hundreds of pages of attached documents did not clearly delineate specific claims against any of the named defendants. The court dismissed the complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure.

     The court then attempted to help the pro se plaintiff clarify his claims through both a video merit review hearing and by providing the plaintiff with specific questions to answer concerning his potential claims. The plaintiff was admonished that he must file a response to the questions by a specific deadline or his case would be dismissed. *See* October 19, 2005 Court Order. The plaintiff instead ignored the court's instructions and instead filed numerous motions with the court after the specified deadline. [d/e 9, 11, 14, 16, 19, 20, 25, 27, 28, 30, 31, 32, 36].

     The plaintiff was warned two additional times that he must provide answers to the court's questions or his case would be dismissed. *See* May 2, 2006 Order; June 21, 2006 Court Order. Finally, the plaintiff complied and a Merit Review Order was entered setting out the plaintiff's surviving claims. *See* August 14, 2006 Court Order.

     The plaintiff responded to this order with various motions either disagreeing with the identified claims or asking to file another amended complaint. [d/e 41, 42, 65, 111, 127]. On June 20, 2007, the court allowed the plaintiff's motion to file a third amended complaint in part. *See* June 20, 2007 Case Management Order. The court allowed the plaintiff to add four new defendants to his case. The plaintiff's surviving claims allege that:

1

1) Defendants Kowalowski, Mote, Melvin, Garlick, Larson, Angus, Smith, Walker, Orr, Young, Zehar, Selvidge and Fletcher violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition and when they failed to protect the plaintiff from a known danger.  The claim is against the defendants in their July official and individual capacities.

2) Defendant Montgomery violated the plaintiff's Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical condition.  The claim is against the defendant in his individual capacity.

3) Defendant Montgomery violated the plaintiff's Eighth Amendment rights when he used cruel and unusual punishment against the plaintiff by repeatedly throwing feces on the plaintiff. The claim is against the defendant in his individual capacity.

The plaintiff responded to this order by again filing a document with the court claiming that the court had not properly identified his claims. [d/e 146]   The court stated that it had spent more than two years attempting to assist the plaintiff in clearly stating his claims.  Even after the plaintiff had been repeatedly advised that he should file a short, plain statement of his intended claims, his third motion to amend his complaint was 97 pages in length including extensive documentation.   In addition, the claims the plaintiff states that the court failed to identify, were not clearly alleged in his proposed amended complaint.   The court found that the plaintiff had been given ample opportunity to clearly present his claims.  On its own motion, the court closed pleadings in this case and admonished the plaintiff that it would accept no further motions to amend the complaint. *See* July 11, 2007 Court Order.

PENDING MOTIONS

The plaintiff has filed a motion asking the court all allow him to conduct depositions of several individuals based on the written questions he has provided to the court. [d/e 150]   The plaintiff has also filed a motion to amend his original questions to the defendants. [d/e 174]   The motions are denied. [d/e 150, 174].   The plaintiff cannot take a deposition without a court reporter and the "court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. Sec. 1915(a)." *Smith v. Campagna* , 1996 WL 364770 at 1 (N.D. Ill. June 26, 1996).  *See also Doe v. United States*, 112 F.R.D. 183, 184-5 (S.D.N.Y 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); *Cunningham v. Orr*, 1989 WL 516269 (N.D. Ind.  May 8, 1989) (indigent prisoner's motion for leave to take depositions is denied.); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. Sec. 1915 "does not extend to the cost of taking and transcribing a deposition.").   The plaintiff may ask the defendants to provide responses to his written questions by following Federal Rule of Civil Procedure 33.  The plaintiff must provide his discovery requests to defense counsel, not to the court.   The plaintiff is also reminded that he must follow the rules of discovery and the limitations on the number of questions asked.

The plaintiff has filed a motion entitled, "Motion for a Curriculum Vita and/or Resume and an Examination by an Outside Psychiatrist..." [d/e 169] The plaintiff is asking the court to order his examination by an outside psychiatrist to confirm that the treatment he is currently receiving is inadequate.  The motion is denied at this point in the litigation.  The plaintiff has not yet shown enough factual merit to his claim of deliberate indifference to indicate that appointment of an expert witness or approval of an outside medical examination would be appropriate.

The plaintiff has filed a notice of an interlocutory appeal and two motions asking for the court to order that a transcript be prepared for the appeal. [d/e 153, 154].  The motions are denied.  If the United States Court of Appeals sets a briefing schedule, the plaintiff may renew his motion.

The plaintiff has filed a motion asking for an extension of time for the defendants to provide responses to his discovery requests. [d/e 175].  The defendants say they have provided timely responses to the plaintiff's requests, but state that the plaintiff provided them with one request two days before the close of discovery.  The defendants do not object to providing responses if they are given additional time.  The defendants have also filed a motion asking for additional time to respond to discovery and file a dispositive motion. [d/e 177, 181]  The motions are granted. [d/e 175, 177, 181, 186].

The court will allow additional discovery time ONLY for the defendants to file responses to the plaintiff's previously submitted requests.  The plaintiff is not to submit additional discovery requests, but may file motions to compel if appropriate.  The court will abide by the following deadlines: 1) All discovery must be completed on or before December 17, 2007; and 2) any dispositive motions must be filed on or before January 18, 2008.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to allow him conduct depositions of several individuals based on the written questions is denied. [d/e 150]   The plaintiff's motion to amend those questions is also denied. [d/e 174]**

**2) The plaintiff's motions asking for the court to order that a transcript be prepared for his interlocutory appeal are denied. [d/e 153, 154].**

**3) The plaintiff's motion for appointment of an outside psychiatrist to examine him is denied. [d/e 169]**

**4) The parties' motions for an extension of time for defendants to respond to discovery and for filing of dispositive motions are granted. [d/e 175, 177, 181, 186] The court will abide by the following deadlines: 1) The defendants must file any responses to the plaintiff's pending discovery requests on or before December 17, 2007; and 2) any dispositive motions must be filed on or before January 18, 2008.**

Entered this 5th day of November, 2007.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE